UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEMOND BUSH and SEAN JONES, | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) Case No. 20 C 6833 |
| CAROLINA OROZCO, GUILLERMO GAMA, | ) |
| JR., ADOLFO BOLANOS, JOSEPH TREJO, | ) Judge Andrea R. Wood |
| MICHAEL R. BOCARDO, JR., JAMES F. | ) |
| KOLODZIEJ, VINCENT RYAN, JOEL SOTO, | ) Magistrate Judge Sunil R. Harjani |
| AARON DAVID, CHRIS VALDEZ, and CITY | ) |
| OF CHICAGO, ILLINOIS, a Municipal | ) |
| Corporation, | ) |
| | ) |
| Defendants. | ) |

## FIRST AMENDED CIVIL RIGHTS COMPLAINT

Plaintiffs, DEMOND BUSH and SEAN JONES, by and through their attorneys, Irene K. Dymkar and Shamoyita M. DasGupta, complain against defendants, CAROLINA OROZCO, GUILLERMO GAMA, JR.., ADOLFO BOLANOS, JOSEPH TREJO, MICHAEL R. BOCARDO, JR., JAMES F. KOLODZIEJ, VINCENT RYAN, JOEL SOTO, AARON DAVID, CHRIS VALDEZ, and CITY OF CHICAGO, ILLINOIS, as follows:

1. This action arises under the United States Constitution and the laws of the United States, specifically 42 U.S.C. § 1983, to redress deprivations of the civil rights of the plaintiffs, DEMOND BUSH (hereinafter BUSH) and SEAN JONES (hereinafter JONES), through acts and/or omissions of defendants, CAROLINA OROZCO (hereinafter OROZCO), GUILLERMO GAMA, JR. (hereinafter GAMA), ADOLFO BOLANOS (hereinafter BOLANOS), JOSEPH TREJO (hereinafter TREJO), MICHAEL R. BOCARDO, JR. (hereinafter BOCARDO), JAMES F. KOLODZIEJ (hereinafter KOLODZIEJ), VINCENT RYAN (hereinafter RYAN), JOEL

SOTO (hereinafter SOTO), AARON DAVID (hereinafter DAVID), CHRIS VALDEZ

(hereinafter VALDEZ), and CITY OF CHICAGO, ILLINOIS (hereinafter CITY OF CHICAGO),

committed under color of law. Specifically here, defendants deprived plaintiffs of their rights

under the Fourth and Fourteenth Amendments to the United States Constitution.

## JURISDICTION AND VENUE

2.      Jurisdiction is based upon 28 U.S.C. §§ 1343, 1331, and 1367.

3.      Venue lies in the United States District Court, Northern District of Illinois,

pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in

this jurisdiction.

## PARTIES

4.      At all times herein mentioned, plaintiffs DEMOND BUSH and SEAN JONES

were and are citizens of the United States and the State of Illinois.

5.      At all times herein mentioned, defendants CAROLINA OROZCO, GUILLERMO

GAMA, JR., ADOLFO BOLANOS, JOSEPH TREJO, MICHAEL R. BOCARDO, JR., JAMES

F. KOLODZIEJ, VINCENT RYAN, JOEL SOTO, AARON DAVID, and CHRIS VALDEZ

were sworn members of the Chicago Police Department and were acting under color of state law

and as the employees or agents of the CITY OF CHICAGO, ILLINOIS.

6.      Defendant CITY OF CHICAGO is a municipal corporation, duly organized under

the laws of the State of Illinois. Defendant CITY OF CHICAGO maintained, managed, and/or

operated the Chicago Police Department.

## FACTUAL ALLEGATIONS

7.      At all times mentioned herein, plaintiffs BUSH and JONES both had valid

Firearm Owners Identification ("FOID") cards and valid Concealed Carry Licenses ("CCL").

8.      At all times mentioned herein, plaintiffs BUSH and JONES both had legally purchased firearms.

### September 19, 2019 Incident

9.      At approximately 7:00 p.m. on September 19, 2019, plaintiffs BUSH and JONES were at or near the corner of West 15th Street and South Trumbull Avenue in Chicago, Illinois.

10.      Plaintiff JONES stepped out of his car to pick up plaintiff BUSH; as they walked back to plaintiff JONES' car to head home, a Chicago police car drove past them, stopped near a group standing further up the sidewalk from them, and then turned around to come back to where plaintiffs BUSH and JONES were preparing to leave.

11.      At the time of this incident, plaintiff JONES was employed as a security officer, and was dressed in his work uniform.

12.      Plaintiffs BUSH and JONES were not engaged in any criminal activity, and their firearms were not visible.

13.      Defendants OROZCO, GAMA, and BOLANOS, who were in plainclothes, exited their police vehicle and approached plaintiffs BUSH and JONES.

14.      Defendant OROZCO approached plaintiff BUSH and asked him where his gun was.

15.      Without permission, defendant OROZCO lifted plaintiff BUSH's shirt, which was covering his legally owned firearm, and took the firearm from his holster.

16.      Plaintiff BUSH objected to the search by defendant OROZCO and the seizure of his firearm off his person.

17.      Plaintiff BUSH told defendant OROZCO that he had a valid CCL, and showed it to her.

3

18.     Defendant OROZCO took plaintiff BUSH's identification and his firearm from him and gave the identification to defendant GAMA to run plaintiff BUSH's name on the police computer for warrants, investigative alerts, gang affiliation, and other information.

19.     While defendant GAMA was running plaintiff BUSH's name, plaintiff was not free to leave.

20.     When she came back from the car, defendant OROZCO returned plaintiff BUSH's firearm and identification.

21.     Defendant OROZCO gave plaintiff BUSH an "Investigatory Stop Receipt" that left blank the section of the form that required her to say why the stop occurred.

22.     At the same time that defendant OROZCO was illegally searching and detaining plaintiff BUSH, defendant GAMA approached plaintiff JONES, and asked him if he was currently working, to which plaintiff JONES responded that he had just gotten off work.

23.     Plaintiff JONES turned from side to side to show defendant GAMA the insignia for his job on his shirt, which caused his shirt to rise and expose the legally owned firearm that plaintiff JONES carried for his job

24.     Without permission, defendant GAMA then lifted plaintiff JONES' shirt, which had been covering his legally owned firearm, and took the firearm from him.

25.     Plaintiff JONES told defendant GAMA that he had a valid FOID card and a valid CCL, and offered these items to defendant GAMA.

26.     Defendant GAMA took these items from plaintiff JONES and left to run his name on the police computer for warrants, investigative alerts, gang affiliation, and other information.

27.     Plaintiff JONES was not free to leave at this time.

4

28.     While plaintiff JONES was waiting for defendant GAMA to return with plaintiff JONES' items, he asked what was taking so long, to which defendant BOLANOS responded by accusing plaintiff JONES of impersonating a security officer.

29.     Several minutes later, defendant GAMA returned with plaintiff JONES' items, and told plaintiff JONES to put his hands up on the police vehicle.

30.     Defendant BOLANOS placed plaintiff JONES in handcuffs, and defendant BOLANOS and defendant OROZCO searched inside of plaintiff JONES' pockets, removing items, and also searched his ankles.

31.     After plaintiff JONES was put in handcuffs, he was told that he was under arrest for violating the Firearm Concealed Carry Act.

32.     Defendants OROZCO, GAMA, and BOLANOS knew that plaintiffs' constitutional rights were being violated, but failed to intervene to stop the unconstitutional conduct.

33.     While defendants OROZCO and GAMA were detaining plaintiffs BUSH and JONES, defendant BOLANOS was stopping and searching other individuals on the street, for no apparent reason.

34.     The entire time plaintiff BUSH was being detained by defendant OROZCO and plaintiff JONES was being arrested by defendants GAMA and BOLANOS, defendants TREJO and BOCARDO were present on scene, having arrived within seconds of the stop.

35.     Defendants TREJO and BOCARDO knew that plaintiffs' constitutional rights were being violated, but failed to intervene to stop the unconstitutional conduct.

36.     Defendants TREJO and BOCARDO took plaintiff JONES to the 10th district Chicago police station, where he was put in a room and handcuffed to a wall.

37.     Defendant KOLODZIEJ was a supervisor who reviewed the facts of the case and made a determination that there was probable cause for plaintiff JONES' charge of violating the Concealed Carry Act, and approved the arrest of plaintiff JONES.

38.     After several hours at the station, during which time plaintiff JONES was searched again, he was taken to the Cook County Jail.

39.     His wrongful arrest and the seizure of his weapon impeded plaintiff JONES' ability to work as a security guard.

40.     Plaintiff JONES appeared in court several times for his criminal charge, before the charge was dismissed.

41.     By reason of the above-described acts and omissions of defendants set forth in the above paragraphs, plaintiffs BUSH and JONES sustained the loss of freedom, humiliation and indignities, and suffered great mental and emotional pain and suffering, all to their damage.

42.     The aforementioned acts of defendants OROZCO, GAMA, BOLANOS, TREJO, BOCARDO, and KOLODZIEJ were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiffs BUSH and JONES' rights and justify the awarding of exemplary and punitive damages.

43.     By reason of the above-described acts and omissions of defendants OROZCO, GAMA, BOLANOS, TREJO, BOCARDO, KOLODZIEJ, and the CITY OF CHICAGO, plaintiffs BUSH and JONES were required to retain an attorney to institute, prosecute, and render legal assistance to them in the within action, so that they might vindicate the loss and impairment of their rights.  By reason thereof, plaintiffs BUSH and JONES request payment by the individual defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. § 1988, the Equal Access to Justice Act, or any other provision set by law.

6

**October 3, 2019 Incident**

44.     At approximately 3:30 p.m. on October 3, 2019, plaintiff JONES was driving in his vehicle with plaintiff BUSH, heading south on St. Louis Avenue, close to where they were detained and arrested on September 19, 2019.

45.     Plaintiffs BUSH and JONES were engaged in lawful conduct.

46.     Because plaintiff JONES' legally owned firearm was unlawfully seized from him on September 19, 2019, he did not have his firearm at the time of the October 3, 2019 incident.

47.     Plaintiffs BUSH and JONES were not engaged in any criminal activity, and plaintiff BUSH's firearm was not visible.

48.     As plaintiff JONES approached the stop sign at St. Louis Avenue and 16th Street, he observed an unmarked Chicago police vehicle driving westbound down 16th Street, away from Homan Avenue.

49.     Plaintiff JONES turned onto 16th street, going eastbound, and passed the unmarked Chicago police vehicle in the opposite direction.

50.     As plaintiffs passed the alley between St. Louis Avenue and Trumbull Avenue, they observed the unmarked Chicago police vehicle make a u-turn, and approach plaintiff JONES' car.

51.     Plaintiff JONES continued driving eastbound down 16th Street, and then signaled to make a left turn onto Trumbull Avenue.

52.     As soon as plaintiff JONES turned onto Trumbull Avenue, the unmarked Chicago police vehicle activated its emergency lights, turned onto Trumbull Avenue behind plaintiffs, and pulled them over, for no apparent reason.

7

53.     A second unmarked Chicago police vehicle also pulled up to plaintiffs BUSH and JONES.

54.     Plaintiffs BUSH and JONES could see that the defendant officers, all of whom were in plainclothes, were wearing body cameras.

55.     Defendants RYAN, SOTO, DAVID, and VALDEZ approached the vehicle, and one or more of the defendant officers told plaintiffs BUSH and JONES that they were being pulled over because they were not wearing their seatbelts.

56.     Plaintiffs BUSH and JONES were wearing their seatbelts.

57.     One or more of defendant officers RYAN, SOTO, DAVID, and VALDEZ then asked if the plaintiffs had FOID cards and CCLs.

58.     When plaintiff BUSH responded that he did, one of defendant officers RYAN, SOTO, DAVID, and VALDEZ asked if he had a gun; plaintiff BUSH answered that he did.

59.     Upon hearing that plaintiff BUSH had a gun, one or more of defendant officers RYAN, SOTO, DAVID, and VALDEZ asked plaintiffs BUSH and JONES to exit the vehicle, and asked where the gun was.

60.     Plaintiff BUSH responded that the firearm was on his hip, and asked what he had done.

61.     The defendant officers again demanded that plaintiffs BUSH and JONES exit the vehicle, and then, without giving them the opportunity to comply, reached into the open windows of the car and opened the doors, physically pulling plaintiffs BUSH and JONES out by their arms.

8

62.     After they pulled plaintiffs BUSH and JONES from plaintiff JONES' car, one or more of defendant officers RYAN, SOTO, DAVID, and VALDEZ searched the entire car, including going into the glove compartment and under the seats.

63.     The defendant officers also seized plaintiffs BUSH and JONES' identification to run their names for warrants, investigative alerts, gang affiliation, and other information, along with plaintiff BUSH's legally purchased firearm.

64.     Plaintiffs BUSH and JONES were not free to leave at this time.

65.     While plaintiffs BUSH and JONES were detained, one of defendant officers RYAN, SOTO, DAVID, and VALDEZ searched plaintiff JONES's person.

66.     During this time, the defendant officers changed their justification for pulling plaintiffs BUSH and JONES over, claiming that they had pulled plaintiffs BUSH and JONES over because they did not signal in time before turning.

67.     Plaintiffs BUSH and JONES had signaled in time before they turned.

68.     Plaintiffs BUSH and JONES continued to object to the fact that they were being pulled over, which caused one of defendant officers RYAN, SOTO, DAVID, and VALDEZ to become verbally aggressive, and tell them that they "were not going to debate this right now," and that he "did not care what's illegal or not illegal."

69.     Eventually, the defendant officers returned plaintiffs BUSH and JONES' identification and plaintiff BUSH's legally purchased firearm to them.

70.     After the detention, defendant officers allowed plaintiffs BUSH and JONES to leave.

71.     The defendant officers did not issue any tickets for failure to wear a seatbelt or failure to signal to plaintiffs BUSH and JONES.

72.     On both September 19, 2019 and October 3, 2019, plaintiffs BUSH and JONES were the victims of racial profiling.

73.     By reason of the above-described acts and omissions of defendants set forth in the above paragraphs, plaintiffs BUSH and JONES sustained the loss of freedom, humiliation and indignities, and suffered great mental and emotional pain and suffering, all to their damage.

74.     The aforementioned acts of defendants RYAN, SOTO, DAVID, and VALDEZ were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiffs BUSH and JONES' rights and justify the awarding of exemplary and punitive damages.

75.     By reason of the above-described acts and omissions of defendants RYAN, SOTO, DAVID, VALDEZ, and the CITY OF CHICAGO, plaintiffs BUSH and JONES were required to retain an attorney to institute, prosecute, and render legal assistance to them in the within action, so that they might vindicate the loss and impairment of their rights.  By reason thereof, plaintiffs BUSH and JONES request payment by the individual defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. § 1988, the Equal Access to Justice Act, or any other provision set by law.

## COUNT I
**Plaintiffs, DEMOND BUSH and SEAN JONES, Against Defendants CAROLINA OROZCO, GUILLERMO GAMA, JR., ADOLFO BOLANOS, JOSEPH TREJO, and MICHAEL R. BOCARDO, JR., for Illegal Stop on September 19, 2019**

76.     Plaintiffs, DEMOND BUSH and SEAN JONES, incorporate and allege paragraphs 1 - 43, as though set forth herein in their entirety.

77.     The stop of plaintiffs BUSH and JONES by defendants OROZCO, GAMA, BOLANOS, TREJO, and BOCARDO was without probable cause or even reasonable suspicion to believe that plaintiffs BUSH and JONES were involved in any criminal activity, and without any other legal cause.

78.     Defendants OROZCO, GAMA, BOLANOS, TREJO, and BOCARDO are each liable by his/her direct actions and/or by a failure to intervene in the unconstitutional acts of other officers, despite having knowledge of those unconstitutional acts and having the opportunity to intervene to prevent those acts.

79.     By reason of the conduct of defendants OROZCO, GAMA, BOLANOS, TREJO, and BOCARDO, plaintiffs BUSH and JONES were deprived of rights, privileges, and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants OROZCO, GAMA, BOLANOS, TREJO, and BOCARDO are liable to plaintiffs BUSH and JONES pursuant to 42 U.S.C. § 1983.

**COUNT II**
**Plaintiff DEMOND BUSH Against Defendants CAROLINA OROZCO, GUILLERMO GAMA, JR., ADOLFO BOLANOS, JOSEPH TREJO, and MICHAEL R. BOCARDO, JR., for Illegal Detention on September 19, 2019**

80.     Plaintiff DEMOND BUSH incorporates and alleges paragraphs 1 - 43, as though set forth herein in their entirety.

81.     Defendants OROZCO, GAMA, BOLANOS, TREJO, and BOCARDO  illegally detained plaintiff BUSH during this illegal stop.

82.     The detention was unconstitutional at its inception and unconstitutional in its scope.  The length of the detention and the circumstances of the detention were not reasonable and extended beyond the time necessary for any possible legitimate police inquiry.

83.     Defendants OROZCO, GAMA, BOLANOS, TREJO, and BOCARDO are each liable by his/her direct actions and/or by a failure to intervene in the unconstitutional acts of other officers, despite having knowledge of those unconstitutional acts and having the opportunity to intervene to prevent those acts.

84.     By reason of the conduct of defendants OROZCO, GAMA, BOLANOS, TREJO, and BOCARDO, plaintiff BUSH was deprived of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder, as well as the laws of the State of Illinois. Therefore, defendants OROZCO, GAMA, BOLANOS, TREJO, and BOCARDO are liable to plaintiff BUSH pursuant to 42 U.S.C. § 1983.

### COUNT III
**Plaintiffs, DEMOND BUSH and SEAN JONES Against Defendants CAROLINA OROZCO, GUILLERMO GAMA, JR., ADOLFO BOLANOS, JOSEPH TREJO, MICHAEL R. BOCARDO, JR., and JAMES F. KOLODZIEJ for Illegal Search of Person and Seizure of Property on September 19, 2019**

85.     Plaintiffs DEMOND BUSH and SEAN JONES, incorporate and allege paragraphs 1 - 43, as though set forth herein in their entirety.

86.     The search of plaintiffs' BUSH and JONES' persons was without probable cause to believe that plaintiffs were involved in any criminal activity and was unreasonable.

87.     The seizure of plaintiffs' identification and legally owned firearms was without probable cause to believe that plaintiffs were involved in any criminal activity, and without even any reasonable suspicion, and was unreasonable.

88.     The unlawful seizure of plaintiff JONES' legally owned firearm was protracted, and impeded plaintiff JONES' ability to work as a security guard.

12

89.     Defendants OROZCO, GAMA, BOLANOS, TREJO, and BOCARDO are each liable by his/her direct actions and/or by a failure to intervene in the unconstitutional acts of other officers, despite having knowledge of those unconstitutional acts and having the opportunity to intervene to prevent those acts.

90.     Defendant KOLODZIEJ was a supervisory officer who approved, condoned, or turned a blind eye to the unconstitutional conduct directed at plaintiff JONES, and therefore is liable as a supervisor.

91.     By reason of the conduct of defendants OROZCO, GAMA, BOLANOS, TREJO, BOCARDO, and KOLODZIEJ, plaintiffs BUSH and JONES were deprived of rights, privileges, and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder, as well as the laws of the State of Illinois. Therefore, defendants OROZCO, GAMA, BOLANOS, TREJO, BOCARDO, and KOLODZIEJ are liable to plaintiffs BUSH and JONES pursuant to 42 U.S.C. § 1983.

**COUNT IV**
**Plaintiff, SEAN JONES, Against Defendants CAROLINA OROZCO, GUILLERMO GAMA, JR., ADOLFO BOLANOS, JOSEPH TREJO, MICHAEL R. BOCARDO, JR., and JAMES F. KOLODZIEJ, for Illegal Detention and Incarceration on September 19, 2019**

92.     Plaintiff SEAN JONES incorporates and allege paragraphs 1 - 43, as though set forth herein in their entirety.

93.     Defendants OROZCO, GAMA, BOLANOS, TREJO, and BOCARDO illegally detained plaintiff JONES during this illegal stop and during his incarceration as a result of his false arrest.

13

94. The detention was unconstitutional at its inception and unconstitutional in its scope. The length of the detention and the circumstances of the detention were not reasonable and extended beyond the time necessary for any possible legitimate police inquiry.

95. Defendants OROZCO, GAMA, BOLANOS, TREJO, and BOCARDO are each liable by his/her direct actions and/or by a failure to intervene in the unconstitutional acts of other officers, despite having knowledge of those unconstitutional acts and having the opportunity to intervene to prevent those acts.

96. Defendant KOLODZIEJ was a supervisory officer who approved, condoned, or turned a blind eye to the unconstitutional conduct directed at plaintiff JONES, and therefore is liable as a supervisor.

97. By reason of the conduct of defendants OROZCO, GAMA, BOLANOS, TREJO, BOCARDO, and KOLODZIEJ, plaintiff JONES was deprived of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants OROZCO, GAMA, BOLANOS, TREJO, BOCARDO, and KOLODZIEJ are liable to plaintiff JONES pursuant to 42 U.S.C. § 1983.

**COUNT V**
**Plaintiff, SEAN JONES, Against Defendants CAROLINA OROZCO, GUILLERMO GAMA, JR., ADOLFO BOLANOS, JOSEPH TREJO, MICHAEL R. BOCARDO, JR., and JAMES F. KOLODZIEJ, for False Arrest on September 19, 2019**

98. Plaintiff SEAN JONES incorporates and alleges paragraphs 1 - 43, as though set forth herein in their entirety.

14

99. The seizure and arrest of plaintiff SEAN JONES by defendant officers OROZCO, GAMA, BOLANOS, TREJO, BOCARDO, and KOLODZIEJ were without probable cause and unreasonable.

100. Each defendant is liable by his/her direct actions and/or by a failure to intervene in the unconstitutional acts of other officers, despite having knowledge of those unconstitutional acts and having the opportunity to intervene to prevent those acts.

101. Defendant KOLODZIEJ was a supervisory officer who approved, condoned, or turned a blind eye to the unconstitutional conduct directed at plaintiff JONES, and therefore is liable as a supervisor.

102. By reason of the conduct of defendants OROZCO, GAMA, BOLANOS, TREJO, BOCARDO, and KOLODZIEJ, plaintiff JONES was deprived of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder, as well as the laws of the State of Illinois. Therefore, defendants OROZCO, GAMA, BOLANOS, TREJO, BOCARDO, and KOLODZIEJ are liable to plaintiff JONES pursuant to 42 U.S.C. § 1983.

**COUNT VI**
**Plaintiff, SEAN JONES, Against Defendants CAROLINA OROZCO, GUILLERMO GAMA, JR., ADOLFO BOLANOS, JOSEPH TREJO, MICHAEL R. BOCARDO, JR., JAMES F. KOLODZIEJ, and CITY OF CHICAGO for Malicious Prosecution of Violation of Firearms Concealed Carry Act Charge Based on September 19, 2019 Incident**

103. Plaintiff SEAN JONES incorporates and alleges paragraphs 1 - 43, as though set forth herein in their entirety.

104. Defendants OROZCO, GAMA, BOLANOS, TREJO, BOCARDO, and KOLODZIEJ, maliciously caused a false criminal charge of violation of the Firearm Concealed

Carry Act to be filed and prosecuted against plaintiff JONES. There was no probable cause for the institution of criminal charges against plaintiff JONES.

105.    The criminal proceedings were commenced and continued maliciously.

106.    Said defendants facilitated this malicious prosecution by failure to investigate, creating false police reports, creating false written criminal charges, and making false statements under oath.

107.    Plaintiff JONES was wrongfully incarcerated, and then wrongfully prosecuted, until the charge was terminated favorably to plaintiff JONES.

108.    Plaintiff JONES was injured emotionally and otherwise from the loss of liberty and related rights.

109.    Defendants OROZCO, GAMA, BOLANOS, TREJO, and BOCARDO are each liable by his/her direct actions and/or by a failure to intervene in the illegal acts of other officers, despite having knowledge of those illegal acts and having the opportunity to intervene to prevent those acts.

110.    Defendant KOLODZIEJ was a supervisory officer who approved, condoned, or turned a blind eye to the unconstitutional conduct directed at plaintiff JONES, and therefore is liable as a supervisor.

111.    Defendants OROZCO, GAMA, BOLANOS, TREJO, BOCARDO, and KOLODZIEJ, and each of them, is thus liable to plaintiff JONES under Illinois law for the state supplemental claim of malicious prosecution.

112.    Defendant CITY OF CHICAGO is liable pursuant to the doctrine of *respondeat superior* for the wrongful acts of their employees, defendants OROZCO, GAMA, BOLANOS, TREJO, BOCARDO, and KOLODZIEJ.

16

**COUNT VII**
**Plaintiffs, DEMOND BUSH and SEAN JONES, Against Defendants VINCENT RYAN, JOEL SOTO, AARON DAVID, and CHRIS VALDEZ, for Illegal Stop on October 3, 2019**

113.    Plaintiffs, DEMOND BUSH and SEAN JONES, incorporate and allege paragraphs 1 - 8 and 44 - 75, as though set forth herein in their entirety.

114.    The stop of plaintiffs BUSH and JONES by defendants RYAN, SOTO, DAVID, and VALDEZ was without probable cause or even reasonable suspicion to believe that plaintiffs BUSH and JONES were involved in any criminal activity, and without any other legal cause.

115.    Defendants RYAN, SOTO, DAVID, and VALDEZ are each liable by his direct actions and/or by a failure to intervene in the unconstitutional acts of other officers, despite having knowledge of those unconstitutional acts and having the opportunity to intervene to prevent those acts.

116.    By reason of the conduct of defendants RYAN, SOTO, DAVID, and VALDEZ, plaintiffs BUSH and JONES were deprived of rights, privileges, and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants RYAN, SOTO, DAVID, and VALDEZ are liable to plaintiffs BUSH and JONES pursuant to 42 U.S.C. § 1983.

**COUNT VIII**
**Plaintiffs, DEMOND BUSH and SEAN JONES, Against Defendants VINCENT RYAN, JOEL SOTO, AARON DAVID, and CHRIS VALDEZ for Illegal Detention on October 3, 2019**

117.    Plaintiffs, DEMOND BUSH and SEAN JONES, incorporate and allege paragraphs 1 - 8 and 44 - 75, as though set forth herein in their entirety.

118.    The detention of plaintiffs was without probable cause and unreasonable, and in its nature and scope was tantamount to an arrest.

17

119.    The detention was unconstitutional at its inception and unconstitutional in its scope. The length of the detention and the circumstances of the detention were not reasonable and extended beyond the time necessary for any possible legitimate police inquiry.

120.    Defendants RYAN, SOTO, DAVID, and VALDEZ are each liable by his direct actions and/or by a failure to intervene in the unconstitutional acts of other officers, despite having knowledge of those unconstitutional acts and having the opportunity to intervene to prevent those acts.

121.    By reason of the conduct of defendants RYAN, SOTO, DAVID, and VALDEZ plaintiffs BUSH and JONES were deprived of rights, privileges, and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants RYAN, SOTO, DAVID, and VALDEZ are liable to plaintiffs BUSH and JONES pursuant to 42 U.S.C. § 1983.

**COUNT IX**
**Plaintiffs, DEMOND BUSH and SEAN JONES Against Defendants VINCENT RYAN, JOEL SOTO, AARON DAVID, and CHRIS VALDEZ for Illegal Search of Person and Seizure on October 3, 2019**

122.    Plaintiffs DEMOND BUSH and SEAN JONES, incorporate and allege paragraphs 1 - 8 and 44 - 75, as though set forth herein in their entirety.

123.    The search of plaintiffs BUSH and JONES' persons was without probable cause to believe that they were involved in any criminal activity and was unreasonable.

124.    The seizure of plaintiffs' identification and plaintiff BUSH's legally owned firearm was without probable cause to believe that plaintiffs were involved in any criminal activity, and without even any reasonable suspicion, and was unreasonable.

125.     Defendants RYAN, SOTO, DAVID, and VALDEZ are each liable by his direct actions and/or by a failure to intervene in the unconstitutional acts of other officers, despite having knowledge of those unconstitutional acts and having the opportunity to intervene to prevent those acts.

126.     By reason of the conduct of defendants RYAN, SOTO, DAVID, and VALDEZ plaintiffs BUSH and JONES were deprived of rights, privileges, and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder, as well as the laws of the State of Illinois. Therefore, defendants RYAN, SOTO, DAVID, and VALDEZ are liable to plaintiffs BUSH and JONES pursuant to 42 U.S.C. § 1983.

**COUNT X**
**Plaintiff SEAN JONES Against Defendants VINCENT RYAN, JOEL SOTO, AARON DAVID, and CHRIS VALDEZ for Illegal Search of Vehicle**

127.     Plaintiff JONES incorporates and alleges paragraphs 1 - 8 and 44 - 75, as though set forth herein in their entirety.

128.     Defendants illegally searched plaintiff JONES' vehicle without a warrant and without his permission.

129.     Defendants RYAN, SOTO, DAVID, and VALDEZ are each liable by his direct actions and/or by a failure to intervene in the unconstitutional acts of other officers, despite having knowledge of those unconstitutional acts and having the opportunity to intervene to prevent those acts.

130.     By reason of the conduct of defendants RYAN, SOTO, DAVID, and VALDEZ, plaintiff JONES was deprived of rights, privileges, and immunities secured to him by the Fourth

and Fourteenth Amendments to the Constitution of the United States and laws enacted

thereunder, as well as the laws of the State of Illinois. Therefore, defendants RYAN, SOTO,

DAVID, and VALDEZ are liable to plaintiff JONES pursuant to 42 U.S.C. § 1983.

**COUNT XI**
**Plaintiffs, DEMOND BUSH and SEAN JONES, Against Defendant CITY OF CHICAGO**
**for Indemnification (735 ILCS 10/9-102)**

131.    Plaintiffs, DEMOND BUSH and SEAN JONES, incorporate and allege

paragraphs 1 - 75, as though set forth herein in their entirety.

132.    In Illinois, public entities are directed to pay any tort judgment for compensatory

damages for which employees are liable within the scope of their employment activities.

133.    Defendants OROZCO, GAMA, BOLANOS, TREJO, BOCARDO, KOLODZIEJ,

RYAN, SOTO, DAVID, and VALDEZ were employees of the CITY OF CHICAGO and acted

within the scope of their employment in committing the misconduct described herein.

134.    Defendant CITY OF CHICAGO is thus liable under the theory of indemnification.

WHEREFORE, plaintiffs, DEMOND BUSH and SEAN JONES, request judgment as

follows against defendants, CAROLINA OROZCO, GUILLERMO GAMA, JR., ADOLFO

BOLANOS, JOSEPH TREJO, MICHAEL R. BOCARDO, JR., JAMES F. KOLODZIEJ,

VINCENT RYAN, JOEL SOTO, AARON DAVID, CHRIS VALDEZ, and CITY OF

CHICAGO, in the claims set forth above, and specifically:

A.    That defendants be required to pay plaintiffs general damages, including
emotional distress, in a sum to be ascertained at a trial of this matter;

B.    That defendants be required to pay plaintiffs special damages, in a sum to
be ascertained at a trial of this matter;

C.    That defendants CAROLINA OROZCO, GUILLERMO GAMA, JR.,
ADOLFO BOLANOS, JOSEPH TREJO, MICHAEL R. BOCARDO, JR.,

20

JAMES F. KOLODZIEJ, VINCENT RYAN, JOEL SOTO, AARON DAVID, and CHRIS VALDEZ be required to pay plaintiffs punitive damages in a sum to be ascertained at a trial of this matter;

D.     That defendants be required to pay plaintiffs' attorneys' fees pursuant to 42. U.S.C. § 1988, the Equal Access to Justice Act, or any other applicable provision;

E.     That defendants be required to pay plaintiffs' costs of the suit herein incurred; and

F.     That plaintiffs be granted such other and further relief as this Court may deem just and proper.

**Plaintiffs hereby request a TRIAL BY JURY.**

Dated: February 17, 2021                              /s/   Irene K. Dymkar
                                                      Irene K. Dymkar

Plaintiffs' Attorneys:

Irene K. Dymkar
Shamoyita M. DasGupta
Attorneys for Plaintiffs
Law Offices of Irene K. Dymkar
53 W. Jackson, Suite 733
Chicago, IL 60604
(312) 345-0123

21

## CERTIFICATE OF SERVICE

I, Irene K. Dymkar, an attorney, certify that on February 17, 2021, a copy of FIRST AMENDED CIVIL RIGHTS COMPLAINT, was served upon the attorneys for defendants named below through the Court's electronic filing system.

| | |
|---|---|
| Iris Y. Chavira | Michele M. McGee |
| Danielle M. Alvarez | Gregory Beck |
| Stephanie A. Sotomayor | Nicholas J. Perrone |
| City of Chicago | City of Chicago |
| Department of Law | Department of Law |
| 2 N. LaSalle Street, Suite 420 | 2 N. LaSalle Street, Suite 420 |
| Chicago, IL 60602 | Chicago, IL 60602 |


Dated: February 17, 2021                     /s/   Irene K. Dymkar
                                                        Irene K. Dymkar


22